STATE ex rel. Samuel D. REEKS, Plaintiff and Appellant, v. COLISEUM PLACE BAPTIST CHURCH, Defendant and Appellee.

No. 14708.

Court of Appeal of Louisiana. Orleans.

Oct. 16, 1933.

Chas. M. Ward and I. F. Williams, both of New Orleans, for relator.

McLoughlin & West, of New Orleans, for respondent.

WESTERFIELD, Judge.

On the 29th of May, 1933, defendant Samuel D. Reeks obtained an order for a suspensive and devolutive appeal, conditioned upon the furnishing of bond of $100 for the devolutive appeal and a bond for the suspensive appeal conditioned as the law directs. On the 31st day of May, 1933, Reeks furnished an appeal bond in the sum of $1,200. The plaintiff filed a rule to test the surety on the bond, and the rule was made absolute and the suspensive appeal dismissed; the surety, James C. Maguire, being held insufficient. On the 14th of June, 1933, Reeks furnished another surety in the person of Arthur E. Cambias, whose financial sufficiency was assailed in another rule to dismiss the appeal, which was tried on the 30th of June and resulted in another judgment dismissing the suspensive appeal. On the 14th of July, 1933, Reeks obtained an order of this court, directing the Hon. Hugh C. Cage of the civil district court, the respondent judge, to show cause why writs of prohibition and certiorari, which had been temporarily granted by this court, should not be made perpetual. The allegations in the applications for writs, so far as they are now of interest, amount to the assertion that both sureties rejected by the lower court were financially unobjectionable and the action of the court in dismissing the appeal on that ground improper. At the same time our attention was directed to the fact that the lower court did not dismiss the devolutive appeal sued out by the defendant in either of the two judgments dismissing the suspensive appeal. In argument at the bar and in brief counsel conceded that the devolutive appeal had not been dismissed and was now pending before us, so that matter is not any longer the subject of controversy.

Upon the question of financial responsibility of the two sureties, we have examined the testimony with care and have reached the conclusion that the action of the trial court in dismissing the suspensive appeal on the ground that the sureties were insufficient was eminently correct.

For the reasons assigned the alternative writs of prohibition and certiorari heretofore issued in this case will be annulled and recalled and plaintiff's application dismissed. It is further ordered that the cause be returned to the docket for consideration at such time as it may be reached in due course of procedure.

Alternate writs recalled and annulled.

Cause returned to docket.